OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4061
Re: Constitutionality of Senate
Bill No. 97, Acts 47th Legis-
lature, Regular Session.

Your letter of September 29, asks the opinion of this department upon the question of whether Senate Bill No. 97, Acts Regular Session 47th Legislature is unconstitutional because passed in violation of the provision of the Texas Constitution reading as follows:

"All bills for raising revenue shall originate in the House of Representatives, but the Senate may amend or reject them as other bills." (Article III, Section 33)

The caption of Senate Bill No. 97 reads as follows:

"An Act amending Section 9 of Article 4 of Chapter 495 of the Acts of the 3rd called session of the 44th Legislature, as amended by Senate Bill No. 24, Chapter 5, Acts of the 46th Legislature, so as to exempt instruments taken on behalf of National Banking Associations organized under the laws of the United States and as to notes, or other obligations taken by or on behalf of State Banking Corporations; and declaring an emergency."

Senate Bill No. 97 is not a bill for raising revenue. It is a bill which has for its sole and only purpose an amendment to an Act raising revenue, undertaking to exempt certain instruments from the tax levied by the original Act. The amendment raises no revenue, nor does it have raising revenue for its purpose; on the contrary, the effect of the amendment is necessarily to decrease the revenue to be raised under the original Act, by establishing the exemptions provided in the amendment.

Honorable George H. Sheppard, Page 2

We find no case in point in this jurisdiction; however, almost the identical situation was considered in the State of New Jersey, in the case of In Re Patons Estate Agnes, et al vs. Bugbee, Comptroller, 168 Atl. 422. From this opinion, at page 424, we quote:

"Respondent also argues that the exempting statute is unconstitutional and therefore invalid, . . . as having originated in the Senate, and therefore being in violation of Article 4, Section 6, paragraph 1, of the State Constitution, which requires that 'All bills for raising revenue shall originate in the House of Assembly. . . .'

"As to the second of these contentions, it is conceded that the statute in question originated as a Senate bill. It is a supplement—an amendment—to the Transfer Inheritance Tax Act, which is a statute for raising revenue. Obviously, however, it is not in itself a bill for raising revenue; its purpose and effect is rather somewhat to decrease revenue than to increase it. Apparently in England such an amendment must originate in the House of Commons, Cushing, Law & Pr. of Leg. Assemblies (9th Ed.) p. 890; Story, Const. (5th Ed.) vol. 1, p. 643; but no authority has been cited or found which lays down a similar rule in this country. Indeed, such of those authorities in this country, cited by counsel, as touch upon the point, tend to indicate a contrary view. See U.S. v. Norton, 91 U.S. 566, at page 568, 569, 23 L. Ed. 454; The Nashville, 4 Biss, 188, at page 193, Fed. Cas. No. 10,023; U.S. v. James, 13 Blatch. 207, Fed. Cas. No. 15,464; Northern Counties Inv. Trust v. Sears, 30 Or. 388, 41 P. 931, 35 L.R.A. 188, and note; Story, Const. (5th Ed.) pp. 642, 643 and note. And the presumption is in favor of constitutionality.

"It is deemed by this court that such an amendment does not come within the letter or the spirit of the constitutional interdiction."

You are therefore advised that in the opinion of this department Senate Bill 97 is not invalid as violating

Honorable George H. Sheppard, Page 3

Article III, Section 33 of the Texas Constitution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED OCT 30 1941

FIRST ASSISTANT
ATTORNEY GENERAL

By

R. W. Fairchild
Assistant

RWF:mp



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN